# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CIRCLE M. BUILDERS, LLC, and ) | |
| CLARENCE VAN MULVEHILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:07-cv-00858-JEO |
| ) | |
| TOWN OF COUNTY LINE , ALABAMA, ) | |
| JANNA KITCHENS, LARRY CALVERT, ) | |
| PAM SITTON, and JAMES CALVERT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This cause is before the court on a motion to dismiss (doc. 3), a motion to dismiss the claim for punitive damages (doc. 6), a motion to dismiss the amended complaint (doc. 9), and a motion for a preliminary injunction (doc. 5). Upon consideration of the arguments of the parties and the record, the court finds that the initial motion to dismiss, the motion to dismiss the punitive damages claim, and the motion for preliminary injunction are moot and the motion to dismiss the amended complaint is due to be denied.

## BACKGROUND

The plaintiffs allege that they were illegally denied building permits in violation of their due process and equal protection rights under the United States Constitution. The defendants have moved to dismiss the claims against the individual defendants in their official capacities. They have also moved to strike the plaintiffs' claims for punitive damages. Finally, they assert that the case is due to be dismissed on the basis of legislative and qualified immunity.

A hearing on the motions was scheduled for June 29, 2007. At said hearing, the

individual defendants agreed that the filing of the amended complaint mooted the motions concerning the official capacity claims against them (doc. 3) and the motion to dismiss the punitive damages claims (doc. 6).[1]  Additionally, they agree that the motion for preliminary injunction is moot.[2]  (Doc. 5).

## DISCUSSION

The remaining question regarding the motion to dismiss the amended complaint concerns whether the individual defendants are immune from suit premised on either legislative or qualified immunity.  The defendants assert that they are entitled to absolute legislative immunity (doc. 3 at p. 4), while the plaintiffs assert that they are not because the complained-of conduct involves executive functions (doc. 10 at p. 2).  Additionally, the defendants assert that they are entitled to state-agent immunity (doc. 3 at p. 5), while the plaintiffs assert that they are not (doc. 10 at p. 5).

### Legislative Immunity

The individual defendants initially assert that as council members they are immune from tort liability for actions involving the exercise of a judicial or legislative function.  They cite, *inter alia*, to *Tutwiler Drug Company, Inc. v. City of Birmingham*, 418 So. 2d 102 (Ala. 1982), in support of their position.  They conclude that "the decision making process of determining when, where and how to issue permits is a legislative function," entitling them to immunity.  The plaintiffs assert that the law of legislative immunity is well-settled in that defendants are immune only if they are acting within their legislative roles.  They rely on the Eleventh Circuit decision in

---

[1] This is correct premised on the fact that these claims were dropped from the amended complaint.

[2] It is understood that this does not compromise the plaintiffs' claims for other equitable or injunctive relief in this case.

*Wood v. Gamel*, 132 F.3d 1417 (11th Cir. 1998).

Counsel for the individual defendants has represented to the plaintiffs and the court at the hearing that the plaintiffs were not provided with the requisite site permits because they had not paid their business license fees. Accordingly, the relevant issue is whether such conduct is protected by legislative immunity.

> Legislative immunity was established in the Speech and Debate Clause of the United States Constitution. U.S. Const. art. I, § 6, cl. 1. The clause protects not only the speech and debate of legislators, but also voting on legislative acts. *See Kilbourn v. Thompson*, 103 U.S. 168, 204, 26 L. Ed. 377 (1880). This absolute legislative immunity has been extended by the Supreme Court, beyond federal legislators, to state and regional legislators. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 732, 100 S. Ct. 1967, 1974, 64 L. Ed. 2d 641 (1980). And, absolute legislative immunity has been extended further to include local legislators. *See Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981). Thus, county commissioners can be entitled to legislative immunity when acting in their legislative capacities.
>
> Legislators have absolute immunity under section 1983 when they are "acting within their legislative roles," performing "legislative acts."[3] *Brown*, 960 F.2d at 1011 (quoting *Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984)). But, the immunity "extends only to actions taken within the sphere of legitimate legislative activity." *Id.* (quoting *Finch v. City of Vernon*, 877 F.2d 1497, 1505 (11th Cir. 1989)). It is the nature of the act, and not the position of the actor, which determines when absolute legislative immunity will apply. *See Yeldell*, 956 F.2d at 1062. . . .
>
> An act is deemed legislative, rather than administrative or managerial, when it is policymaking and of general application. *See Brown*, 960 F.2d at 1011. "Only those acts which are 'necessary to preserve the integrity of the legislative process' are protected." *Yeldell*, 956 F.2d at 1062 (quoting *United States v. Brewster*, 408 U.S. 501, 517, 92 S. Ct. 2531, 2539, 33 L. Ed. 2d 507 (1972)). "[V]oting, debate and reacting to public opinion are manifestly in furtherance of legislative duties." *DeSisto College, Inc. v. Line*, 888 F.2d 755, 765 (11th Cir.

---

[3]In *Wood*, the court further stated, "Even if the commissioners acted out of evil intent, the legislative nature of the act still controls. *See Ellis v. Coffee County Bd. of Registrars*, 981 F.2d 1185, 1191 (11th Cir. 1993) (Absolute immunity is an absolute protection, not a good faith protection such as qualified immunity.)." *Wood*, 132 F.3d at 1419 n.4.

1989).

*Wood*, 132 F.3d at 1419-20.  Following the foregoing discussion of the applicable law, the court stated that

> the commissioners' act of passing the budget was legislative: policymaking of general application.  The county commissioners deliberated and then voted on a budget resolution for the entire county, not just the jail.  The commissioners had a duty to adopt a budget under Alabama Statute § 11-8-3, which requires counties to pass annual budgets for all county-funded agencies and to do so without appropriating more funds than the county expects to collect for that year.

*Id*. at 1420.  The court then concluded that the commissioners were "entitled to absolute immunity" for money damages in their individual capacity.

The facts in the present matter do not justify entitlement to legislative immunity for a number of reasons.  First, as best this court can discern at this juncture, the decision to deny the plaintiffs a building permit is not a "legislative" function of the county commission.  It may be a part of their responsibilities, but it is not necessarily a protected function under state law.  Second, this function appears to be more of an enforcement function that is not protected.  This is particularly true in view of the very specific and narrow the application to the present situation.  Third, there is no evidence in the record, let alone undisputed evidence, to support the contention that the permits were denied due to a failure to obtain otherwise required licenses.

The individual defendants next argue that they are also entitled to dismissal of this action on the basis of "state-agent immunity" as provided in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).  The plaintiffs disagree asserting that the minutes of the town council do not reflect that the individual defendants were formulating plans, policy, or design or were exercising judgment in the administration of a department or agency of the town at the requisite time so as to fit

within the parameters of the immunity.

In *Cranman*, the Alabama Supreme Court restated the test for application of "state-agent immunity." The Court stated:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
>> (1) formulating plans, policies, or designs; or
>>
>> (2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
>>
>>> (a) making administrative adjudications;
>>>
>>> (b) allocating resources;
>>>
>>> (c) negotiating contracts;
>>>
>>> . . .
>>
>> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
>>
>>> . . . .
>
> Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
>
>> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>>
>> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Id*. at 405.  The Alabama Supreme Court further has stated:

> This Court has established a "burden-shifting" process when a party raises the defense of State-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003).  In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. *Giambrone*, 874 So. 2d at 1052; *Ex parte Wood*, 852 So. 2d 705, 709 (Ala. 2002).  If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. *Giambrone*, 874 So. 2d at 1052; *Wood*, 852 So. 2d at 709; *Ex parte Davis*, 721 So. 2d 685, 689 (Ala. 1998).  "A State agent acts beyond authority and is therefore not immune when he or she 'fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.'" *Giambrone*, 874 So. 2d at 1052 (quoting *Ex parte Butts*, 775 So. 2d 173, 178 (Ala. 2000)).
>
> *Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006).

*Ex parte Randall*, ___ So. 2d ___, 2007 WL 1229208 (Ala. 2007).

In the present case, the plaintiffs assert in the complaint that the defendants were not acting in good faith or with a rational basis for their conduct "but were motivated by self interest, and [an] attempt to stifle dissent in the community and [with] jealousy."  (Amended Complaint at ¶ 28).  Examining the present record, the court finds that the motion is due to be denied because it is disputed and unclear whether the defendants' conduct fits within the description of immune conduct discussed in *Cranman* and whether there is evidence to support the plaintiffs' contention that the defendants acted with improper motive.  Additionally, there is no evidence before the court concerning the council's responsibilities, duties, or business meeting minutes.  Finally, there is nothing explaining the defendants' actions or reasoning.  Under the circumstances, this court cannot find in favor of the defendants on the motion.  This is particularly true in view of the foregoing allegations that include claims that the defendants acted with an intent to stifle the First Amendment rights of the plaintiffs and others in the community and that they were also

depriving the plaintiffs of substantive due process and other property rights.

## CONCLUSION

Premised on the foregoing, the defendants' initial motion to dismiss (doc. 3), the motion to dismiss the punitive damages claim (doc. 6), and the motion for preliminary injunction (doc. 5) are moot and the motion to dismiss the amended complaint (doc. 9) is due to be denied. An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this memorandum opinion upon counsel of record.

**DONE**, this 20th day of July, 2007.

_____
**JOHN E. OTT**
United States Magistrate Judge